35 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re SOVEREIGN PARTNERS, Debtor.
SOVEREIGN PARTNERS, a Nevada limited partnership, Plaintiff-Appellant,
v.
Dorin M. LASCU; Omni Development, Inc., a Nevada
Corporation; Wings Hotel Limited Partnership, Nevada
limited partnership, et al.; Sierra West Equities, Inc., a
Nevada Corporation; W.G.I., an unknown or fictitious
entity; Circle J Corporation, an unknown or fictitious
entity; John Probandt, an individual; Kurt Davis an
individual; Does 1 through 50, Defendants-Appellees.
 No. 93-15484.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 3, 1994.
Decided Aug. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 ORDER*
 
 
 2
 The district court held that Sovereign Partners did not have a property interest in the disputed lease and that this case was moot because the Air Force terminated the lease. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 The federal Anti-Assignment Act provides:
 
 3
 No contract or order, or any interest therein, shall be transferred by the party to whom such contract or order is given to any other party, and any such transfer shall cause the annulment of the contract or order transferred, so far as the United States are concerned.
 
 
 4
 41 U.S.C. Sec. 15. In Matter of West Electronics, Inc., 852 F.2d 79, 83-84 (3d Cir.1988), the Third Circuit held that the Anti-Assignment Act precluded the debtor-in-possession from obtaining a "legally cognizable interest in [an executory] contract" where the other party to the contract, the United States, had refused to consent to the assignment of the contract to the debtor-in-possession. As a result, the court held that the automatic stay should have been lifted so that the United States could terminate the contract.
 
 
 5
 The difference between this case and West Electronics is that a lease, rather than an ordinary executory contract, is involved. Sovereign Partners correctly points out that in 1888, the Supreme Court held that the predecessor statute to 41 U.S.C. Sec. 15 did not
 
 
 6
 embrace a lease of real estate to be used for public purposes, under which the lessor is not required to perform any service for the government and has nothing to do, in respect to the lease, except to receive from time to time the rent agreed to be paid. The assignment of such a lease is not within the mischief which Congress intended to prevent.
 
 
 7
 Freedman's Savings & Trust Co. v. Shepherd, 127 U.S. 494 (1888). However, Freedman's is distinguishable. In this case, the United States is the lessor rather than the lessee. The United States certainly has a greater interest in consenting to a new lessee than it does in consenting to a new lessor who has "nothing to do" except collect rent. Further, the Air Force, as a branch of the military, has a particularly strong interest in the identity of those who lease military property. Under these circumstances, we hold that the Anti-Assignment Act precluded Sovereign Partners from obtaining a property interest in the lease without the consent of the Air Force.
 
 
 8
 Since Sovereign Partners lacked a property interest in the lease, the Air Force did not need to seek relief from the automatic stay to terminate it. Thus, the lease to which Sovereign Partners seeks to quiet title no longer exists. The case is therefore moot. See Village of Gambell v. Babbitt, 999 F.2d 403, 406 (9th Cir.1993).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3